RICHARD MURRAY *et al.*, Respondents, *v.* ALLISON M. ARCHER *et al.*, Appellants.

*N. Y. Supreme Court, Second Department, General Term, May, 13, 1889.*

1. *Nuisance. Occupants.*—In an action for a nuisance, persons who are in possession of the property as trustees and receiving the benefit thereof, are proper parties defendant, and are liable for damages caused by the gutter on the roof of their building conducting the water, falling on it, upon the plaintiff's premises and injuring their goods.
2. *Same. Damages*—To permit proof of the rental value of plaintiff's premises with, and without, the water shed from the defendant's yard, is one, and a proper, method of ascertaining the damages, in an action for maintaining such nuisance.

Action to recover damages to plaintiff's premises by the unlawful and negligent discharge of water thereon from defendants' premises. Plaintiffs recovered judgment, and from it defendants appeal.

*Alonzo Wheeler*, for Allison M. Archer, and *Irving Brown*, for Charles D. Archer, appellant.

*William McCauley, Jr.*, for respondents.

PRATT, J.—The defendants were proper parties; while they had the property as trustees they were in occupation and receiving the benefit thereof.

All are regarded as principals in maintaining a nuisance, and a tenant in possession is liable for damages caused by his premises being out of repair; so that upon both grounds the defendants were liable.

We find no errors in the rulings upon the trial, or in the charge of the trial judge. To permit proof of the rental value of the plaintiffs' premises with and without the water shed from the defendants' yard was one, and a proper method to ascertain the damages. That the plaintiffs were entitled to at least nominal damages is clear from the fact that the defendants' gutter did discharge water upon plaintiffs' premises. The case really only involved questions of fact that have been disposed of by the jury. We are unable to say that the damages are excessive from anything that appears in the case or from the amount of the verdict.

Judgment affirmed, with costs.

All concur.